UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANIELLE SANTIAGO** | : | CIVIL ACTION |
| | : | NUMBER: |
| **VERSUS** | : | JUDGE: |
| **THE LOUISIANA STADIUM AND EXPOSITION DISTRICT, SUPERDOME MANAGEMENT GROUP, STATE OF LOUISIANA, AND XYZ INSURANCE COMPANY** | : | MAGISTRATE JUDGE: |

## NOTICE OF REMOVAL

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Superdome Management Group (hereafter referred to as SMG), who files this Notice of Removal on the following grounds, as follows:

## THE REMOVED CASE

1.

On October 24, 2022, Plaintiff Danielle Santiago initiated this action in the Civil District Court for the Parish of Orleans, State of Louisiana, under the caption *Danielle Santiago versus The Louisiana Stadium and Exposition District, Superdome Management Group, State of Louisiana, and XYZ Insurance Company,* Docket Number: 2022-9811, Division A-16.[1]

---

[1] Exhibit A

1

2.

Plaintiff requested service on SMG, and the State of Louisiana individually and through the Louisiana Stadium and Exposition District on the date of filing of the Petition. Service of the Petition and Citation for LSED was received by David Weidler, the Director of Finance for LSED, but also an employee of SMG, on October 31, 2022.[2]  SMG was served through Corporation Services Company, and the petition was received on November 9, 2022.[3]  The State of Louisiana was served through Attorney General Jeff Landry, and the petition was received on November 8, 2022.[4]

3.

Plaintiff alleges in the Petition for Damages that she suffered personal injury due to the negligence of all Defendants named in the Petition: the State of Louisiana individually, and through the Louisiana Stadium and Exposition District (LSED), SMG, and XYZ Insurance Company (a fictitious company used as a placeholder). The alleged negligence is for premises liability for failure to properly operate and maintain an escalator in the Caesars Superdome during a Saints game. The Petition alleges the escalator malfunctioned while the Plaintiff was on the escalator, and it propelled her forward, causing her to fall and suffer injury.

4.

Article XIV, Section 47 of the Louisiana Constitution of 1921 provides, in pertinent part: "There is hereby created the Louisiana Stadium and Exposition District, hereinafter simply called the 'District', which shall be a body politic and corporate and political subdivision of the

---

[2] Exhibit B
[3] Exhibit C
[4] Exhibit D

State of Louisiana composed of all of the territory in the Parishes of Orleans and Jefferson." Article XIV, Section 47 was continued as a statute after ratification of the Louisiana Constitution of 1972. *See* La. Const. Art. 14, § 16(A)(10).

5.

The State of Louisiana through the Louisiana Stadium and Exposition District is a body politic and corporate and political subdivision with no real interest in this matter. Operation and maintenance for the Superdome facility, specifically the escalators as it pertains to this case, is the responsibility of SMG. Since the only negligence alleged in the Petition for Damages is for improper escalator maintenance of the Superdome during a Saints game, SMG is the only defendant with real interest in this matter.

6.

The State of Louisiana individually, and through the Louisiana Stadium and Exposition District, are named defendants, but do not have a real interest in this matter. Since the State of Louisiana, individually and through the Louisiana Stadium and Exposition District, is a nominal party with no real interest in the dispute, its citizenship may be disregarded. In *Louisiana v. Union Oil Co. of California*, the United States Court of Appeals for the Fifth Circuit held:

> Ordinarily "[i]n an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship because a state is not a citizen for purposes of diversity jurisdiction." *Texas Dep't of Hous. & Cmty. Affairs v. Verex Assurance, Inc.,* 68 F.3d 922, 926 (5th Cir.1995). However, if the State is a nominal party with no real interest in the dispute, its citizenship may be disregarded. *See Wolff v. Wolff,* 768 F.2d 642, 645 (5th Cir.1985) ("In determining diversity jurisdiction, the citizenship of the real parties in interest is determinative, and the citizenship of nominal or formal parties who have no real interest in the dispute before the court may be disregarded, even though they may be required by law or court order to join in the lawsuit."); *see also Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 461, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980) ("Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.").[5]

---

[5] *Louisiana v. Union Oil Co. of California*, 458 F.3d 364, at 366 (5th Cir.2006)

7.

Furthermore, since SMG is the party responsible for maintaining escalators in the Superdome, the State of Louisiana, individually and through LSED, has only a general governmental interest in this matter in securing compliance with the law, because this matter is over the operation and maintenance of the Superdome escalators. In *Grace Ranch, L.L.C. v BP America Production Company*, the United States Court of Appeals for the Fifth Circuit held:

> The State has a real interest if "the relief sought is that which inures to it alone" so that a judgment for the plaintiff "will effectively operate" in the State's favor. *Mo., Kan., & Tex. Ry. Co. v. Hickman*, 183 U.S. 53, 59, 22 S.Ct. 18, 46 L.Ed. 78 (1901) (*Missouri Railway*). Likewise, the State is a key player if the court cannot "reach a final judgment consistent with equity and good conscience and fair to [plaintiffs]" in the State's absence. *See Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006). But the State is just a nominal party if its only stake in the suit is a "general government interest" in "secur[ing] compliance with the law." *Missouri Railway*, 183 U.S. at 60, 22 S.Ct. 18. That is the case here. [6]

8.

SMG is a general partnership domiciled in the State of Pennsylvania, authorized to do and doing business in the State of Louisiana, and is therefore a citizen of Pennsylvania. Plaintiff, Danielle Santiago resides in the State of Louisiana, as the Petition for Damages indicates, and is therefore a citizen of the State of Louisiana. Since the Plaintiff and Defendant SMG are domiciled in different states, they are citizens of different states for the purpose of federal diversity jurisdiction, under 28 U.S.C. § 1332.

---

[6] *Grace Ranch, L.L.C. v BP America Production Company*, 989 F.3d 301, at 309 (5th Cir. 2021).

9.

As discussed above, the citizenship of the State of Louisiana, individually and through LSED, should be disregarded because the State has no real interest in this matter. Additionally, "XYZ Insurance Company" is a named defendant, but it is a fictitious name used as a placeholder, and the citizenship of such a defendant can be disregarded under 28 U.S.C. § 1441(b)(1).

10.

The Petition for Damages does not state a sum demanded for the amount in controversy. Therefore, under 28 U.S.C. § 1446(c)(2)(A)(ii), SMG, through this notice of removal, asserts the amount in controversy exceeds $75,000, exclusive of interest and costs, based on the allegations of "serious and debilitating injuries" suffered by Plaintiff in this action.[7]

11.

Since the Plaintiff and the only defendant with a real interest in the matter, SMG, are citizens of different states, and the amount in controversy exceeds $75,000 exclusive of costs and interest, this Honorable Court has diversity jurisdiction under 28 U.S.C. § 1332, which provides SMG with the right to remove the aforementioned cause of action from the Civil District Court for the Parish of Orleans, Louisiana, to the United States District Court for the Eastern District of Louisiana, which embraces the place where the action is pending.

**REMOVAL IS TIMELY**

12.

On October 31, 2022, the Defendant, SMG, first received notice of the lawsuit when its employee, David Weidler, accepted service on behalf of LSED.

---

[7] Exhibit A, page 5, paragraph 23

13.

The appearing Defendant, SMG, shows that this notice of removal was timely filed with this Court pursuant to the provisions of 28 U.S.C. § 1446 because it was removed within 30 days after notice of the lawsuit was received through service of the Citation of the Petition upon the Defendant, LSED, as received by SMG employee David Weidler.

## **VENUE**

14.

The venue of this removal action is proper pursuant to the provisions of 28 U.S.C. § 1446 insofar as the United State District Court for the Eastern District of Louisiana embraces the Civil District Court for the Parish of Orleans, the Court where the instant action is currently pending.

## **NOTICE OF REMOVAL**

15.

Notice of the filing of this Removal is being given to the adverse parties served in the state court proceeding per the Orleans Parish Clerk of Court website, as required by law. The only defendant other than SMG, the State of Louisiana individually and through the Louisiana Stadium and Exposition District, has no opposition to the removal of this matter to Federal Court, as it has no real interest in this matter. The other named defendant is "XYZ Insurance Company," a fictitious defendant, and is not an actual party to this litigation.

16.

A true copy of this Notice of Removal is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana, as required by law.

17.

Defendant, SMG, hereby removes this case from the Civil District Court for the Parish of Orleans to the United States District Court for the Eastern District of Louisiana for further disposition.

                **RESPECTFULLY SUBMITTED,**

                **JEFF LANDRY**
                **ATTORNEY GENERAL**

BY:   /s/ *Craig J. Hebert*
           **CRAIG J. HEBERT (37160)**
           **ASSISTANT ATTORNEY GENERAL**
           LOUISIANA DEPARTMENT OF JUSTICE
           LITIGATION DIVISION
           1450 Poydras Street, Suite 900
           New Orleans, Louisiana  70112
           Tel. No.: (504) 599-1200
           Facsimile No.:  (504) 599-1212
           E-Mail: HebertCR@ag.louisiana.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing *Notice of Removal* will be mailed for filing with the Civil District Court for the Parish of Orleans, State of Louisiana on the  30    day of November, 2022.

**I FURTHER CERTIFY** that on the  30   day of November, 2022 the foregoing *Notice of Removal* was delivered to all counsel of record by certified mail, properly addressed and postage pre-paid, and/or email, as follows:

>Danielle Santiago
>Through her attorney of record
>Adam P. Sanderson (La. 31312)
>The Chopin Law Firm, LLC
>650 Poydras Street, Suite 1550
>New Orleans, LA 70130
>Telephone: (504) 517-1675
>Email: Adam@ChopinLawFirm.com

                    /s/ *Craig J. Hebert*
                       Craig J. Hebert