

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2022-9811          DIVISION "A-16"

DANIELLE SANTIAGO

VERSUS

THE LOUISIANA STADIUM AND EXPOSITION DISTRICT,
SUPERDOME MANAGEMENT GROUP, STATE OF LOUISIANA
and XYZ INSURANCE COMPANY

FILED: _____     _____
                                                                                     DEPUTY CLERK

### PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Petitioner, DANIELLE SANTIAGO (hereinafter sometimes referred to as "Petitioner"), who files this Petition for Damages against Defendants, THE LOUISIANA STADIUM AND EXPOSITION DISTRICT, SUPERDOME MANAGEMENT GROUP, STATE OF LOUISIANA and XYZ INSURANCE COMPANY, and in support thereof respectfully avers as follows:

### PARTIES

1.

Petitioner resides in the State of Louisiana and is the full age of majority.

2.

Defendant, LOUISIANA STADIUM AND EXPOSITION DISTRICT (hereinafter referred to as "LSED"), is a state agency/political subdivision comprised of seven members appointed by the Governor of Louisiana and created under Louisiana law. The LSED has ownership of and exercises jurisdictional authority over the Caesars Superdome and is responsible for maintenance of the premises.

3.

Defendant, SUPERDOME MANAGEMENT GROUP (hereinafter referred to as "SMG"), is a foreign limited partnership that is domiciled in the State of Pennsylvania and is authorized to do and doing business in the State of Louisiana.

4.

Defendant, STATE OF LOUISIANA, is the owner of the Caesars Superdome.

5.

Defendant, XYZ INSURANCE COMPANY, is a domestic/foreign insurance company authorized to do and doing business in the State of Louisiana.

## JURISDICTION AND VENUE

6.

The State of Louisiana has jurisdiction over the Defendants because they are licensed to do and doing business within the State.

7.

Venue is proper within Orleans Parish pursuant to La. Code Civ. Proc. Ann. art. 74.

## FACTS

8.

On or about October 31, 2021, Petitioner was a patron of the Caesars Superdome in New Orleans, Louisiana. She had attended the NFL football contest between the New Orleans Saints and the Tampa Bay Buccaneers. Petitioner was attempting to exit the stadium and was descending an escalator, when suddenly and without warning, the escalator abruptly halted, violently jostling the patrons using the escalator into each other and into the escalator railings. Patrons on the escalator panicked and began to stampede the patrons who were standing in lower position on the escalator. Petitioner was forcefully propelled forward and then when she fell, she was trampled suffering injuries.

9.

Defendants owed a duty to Petitioner who was a patron of their establishment to maintain the premises in a reasonably safe manner. This duty extends to maintaining escalators in a reasonable safe condition. Defendants breached their duty to Petitioner by failing to inspect, upkeep, maintain, and supervise the subject escalator in a prudent manner.

10.

Petitioner alleges that Defendants were owners and/or custodians of an escalator that caused her damages occasioned by its ruin, vice and/or defect. Defendants knew or should have

known of the ruin, vice and/or defect which caused Petitioner's damages. The damages could have been prevented by the exercise of reasonable care. Defendants failed to exercise such reasonable care.

11.

Petitioner pleads the doctrine of *res ipsa loquitur*, as the injury of this kind does not ordinarily occur in the absence of negligence. The evidence sufficiently eliminates other more probable causes of the injury, such as the conduct of a third party or the Petitioner. The alleged negligence of the Defendants was within the scope of their duty to the Petitioner.

12.

There was no sign or warning alerting patrons as to the possibility of a problem with the subject escalator.

13.

At all times material hereto, Defendants owned and/or operated the Caesars Superdome and was the possessor of the premises at the time of Petitioner's injuries. Defendants also assumed control over and responsibility for the premises on which Petitioner's injuries occurred. Defendants have retained management personnel to oversee the condition of the premises where Defendants intended patrons, like the Plaintiff, have access to and utilize the Caesars Superdome's facilities and/or escalators.

14.

The Caesars Superdome and surrounding premises were open to the public and being used to operate a business for the purpose of profit.

15.

Petitioner was an invitee on Defendants' premises. Defendants expressly and/or impliedly invited Petitioner into the Caesars Superdome for the purpose of transacting business for the benefit of both parties; and Petitioner entered the premises as part of a business transaction for the benefit of both parties.

16.

Petitioner was never made aware of the dangerous condition with the subject escalator. Despite Petitioner's best efforts and exercising due caution, she could not have prevented falling and being trampled.

17.

It is reasonably foreseeable that an escalator inside a stadium that patrons utilize, especially during a mass exodus, could pose an unreasonable risk of harm to a patron if that piece of equipment or machinery malfunctioned and/or was improperly maintained or supervised. Defendants failed to take appropriate measures to minimize those risks. The foregoing created an unreasonably dangerous condition or conditions constituting a defect on the premises.

18.

Petitioner's injuries required prompt medical attention, as well as ongoing medical treatment, all resulting in continued pain and suffering.

19.

Defendants' (including its directors, officers, agents, servants, and employees, all acting within the scope of their authority or employment) conduct, actions, and/or inactions directly caused, proximately caused, and/or were a substantial factor in causing Petitioner's accident and resulting injuries and damages.

20.

Defendants knew or reasonably should have known of the dangerous condition(s) of its premises and the unreasonable risk of harm it posed to customers, including Petitioner.

21.

Defendants, as owner, operator and manager of the Caesars Superdome open to the public, owed Petitioner a duty of care to:

    a. exercise reasonable care for Petitioner's safety on the premises;

    b. keep the premises in a reasonably safe condition;

    c. ensure that Petitioner was not exposed to unreasonable risks of injury or harm;

    d. avoid creating unreasonable risks of harm;

    e. maintain a proper protocol for repairs of mechanical equipment;

    f. practice proper oversight of escalators and mechanical equipment;

    g. discover any unreasonably dangerous conditions and either:

        i. correct the conditions, and/or

        ii. adequately warn Petitioner of the conditions.

22.

Defendants breached its duty of care owed to Petitioner in one or more of the following ways:

    a. creating the dangerous condition on its premises;

    b. failing to correct the dangerous condition of its premises;

    c. failing to adequately warn guests of the dangerous condition of its premises;

    d. failing to use ordinary care in inspecting its premises;

    e. failing to reduce or eliminate an unreasonably dangerous condition;

    f. failing to inspect the premises to discover latent, dangerous conditions;

    g. failing to train its personnel on the proper method of inspecting, maintaining and supervising escalators in the Caesars Superdome;

    h. failing to cure, correct, alleviate, remove, and/or repair timely all dangerous and unsafe conditions; and

    i. failing to act as a reasonably prudent person would under the same or similar circumstances.

23.

The foregoing breaches of duty by Defendants directly and proximately caused serious and debilitating injuries to Petitioner.

24.

Upon information and belief, Defendant, XYZ INSURANCE COMPANY, had in effect a policy and/or issued a contract of insurance to THE LOUISIANA STADIUM AND EXPOSITION DISTRICT, SUPERDOME MANAGEMENT GROUP, and STATE OF LOUISIANA for claims of the nature herein asserted under the Louisiana Direct Action Statute, XYZ INSURANCE COMPANY is liable *in solido* with its insured for all amounts owed by it to Petitioner.

25.

Defendants herein are jointly and *in solido* liable and indebted unto Petitioner for such damages as are reasonable in the premises, including past, present and future physical pain and suffering; past, present and future mental anguish; past, present and future medical expenses; past, present and future physical impairment; loss of past and future earnings; loss of future earning capacity; past and future loss of enjoyment of life; and penalties and attorneys' fees together with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings.

WHEREFORE, Petitioner, DANIELLE SANTIAGO, prays that Defendants be duly cited and served with a copy of this Petition for Damages and, after due proceedings are had, there be a judgment rendered herein in favor of Petitioner and against Defendants, THE LOUISIANA STADIUM AND EXPOSITION DISTRICT, SUPERDOME MANAGEMENT GROUP, STATE OF LOUISIANA and XYZ INSURANCE COMPANY jointly and *in solido* for all damages reasonable under the premises, together with legal interest (pre-judgment and post-judgment) thereon from the date of judicial demand until paid, for all costs of these proceedings and any other damages, penalties, attorneys' fees or sanctions reasonable under the premises.

Petitioner further prays for such other and further relief as may be proper and this Honorable Court is competent to grant.

Respectfully submitted:

THE CHOPIN LAW FIRM LLC

RICHARD A. CHOPIN (La. 4088)
JUSTIN M. CHOPIN (La. 31100)
ADAM P. SANDERSON (La. 31312)
PHILIP D. LORIO IV (La. 34648)
650 Poydras Street, Suite 1550
New Orleans, Louisiana 70130
Telephone:   Dick Direct:   504-229-6682
             Justin Direct: 504-229-6681
             Adam Direct:   504-517-1675
             Phil Direct:   504-517-1673
Facsimile:   504-324-0640
E-mail:      Rchopin@ChopinLawFirm.com
             Justin@ChopinLawFirm.com
             Adam@ChopinLawFirm.com
             Phil@ChopinLawFirm.com
*Attorneys for Petitioner, Danielle Santiago*

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

**PLEASE ISSUE CITATION AND SERVICE ON THE FOLLOWING:**

1. **LOUISIANA STADIUM AND EXPOSITION DISTRICT**
   *Through its Chairman*
   Kyle France
   1500 Sugar Bowl Drive
   New Orleans, Louisiana 70112

2. **SUPERDOME MANAGEMENT GROUP**
   *Through its Registered Agent for Service of Process*
   Corporation Service Company
   501 Louisiana Avenue
   Baton Rouge, Louisiana 70802

3. **STATE OF LOUISIANA**
   *Through the Honorable Jeff Landry, Attorney General*
   And the Louisiana Department of Risk Management
   1201 North 3rd Street
   Baton Rouge, Louisiana 70802

4868-1339-9610, v. 1