UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DANIELLE SANTIAGO**                                    **CIVIL ACTION**

**VERSUS**                                               **NO. 22-4688**

**LOUISIANA STADIUM AND EXPOSITION**                     **SECTION: "G"**
**DISTRICT, et al.**

# ORDER

This litigation arises from an alleged slip and fall on an escalator in the Caesars Superdome.[1] Considering this Court's Order granting a motion to remand a similar slip and fall case where Defendant Louisiana Stadium and Exposition District ("LSED") is a named defendant, this Court questions the grounds of jurisdiction asserted in the above-captioned matter.[2]

Even if the plaintiff does not file a motion to remand, the Court must address the jurisdictional issue sua sponte, because a "party may neither consent to nor waive federal subject matter jurisdiction."[3] "[S]ubject matter delineations must be policed by the courts on their own initiative."[4] The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[5] For the reasons articulated in the Court's remand Order in *Pittman v. Louisiana Stadium and Exposition District*,[6]

---

[1] Rec. Doc. 1 at 2.

[2] *Pittman v. La. Stadium & Exposition District et al.*, No. 22-3723, Rec. Doc. 24 (Remand Order). Plaintiff brings a virtually identical lawsuit against the same Defendants as the plaintiff in *Pittman*, and Defendants also removed this matter to this Court alleging the requirements for diversity jurisdiction are satisfied. *See* Rec. Doc. 1 at 1–2, *Pittman*, No. 22-3723; Rec. Doc. 1 at 1–3. "Federal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*." *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

[3] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

[4] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

[5] 28 U.S.C. § 1447(c).

[6] *Pittman*, No. 22-3723, Rec. Doc. 24 (Remand Order).

**IT IS ORDERED** that the above captioned case is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this 21st day of March, 2023.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**